[697 NYS2d 29]

In the Matter of Marvin D. Yaker (Admitted as Marvin Donald Yaker), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, October 26, 1999

## APPEARANCES OF COUNSEL

*Stephen P. McGoldrick* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*John B. Harris* of counsel (*Stillman & Friedman,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Marvin D. Yaker, admitted as Marvin Donald

Yaker, was admitted to the practice of law in the State of New York by the Second Judicial Department on March 17, 1965. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

Respondent submits his resignation pursuant to 22 NYCRR 603.11. The Departmental Disciplinary Committee (the Committee) moves for an order, pursuant to 22 NYCRR 603.11, accepting respondent's resignation. The Committee is satisfied that the affidavit conforms to the requirements set forth in section 603.11.

A review of the affidavit of resignation submitted by respondent indicates that it fully complies with the requirements of section 603.11 of this Court's rules governing the conduct of attorneys. Respondent acknowledges that he is the subject of a pending disciplinary proceeding involving allegations that he "us[ed] the balance of [client funds] for unauthorized purposes, and * * * fail[ed] to safeguard the balance of the funds in my escrow account." Respondent describes the complaint in which it is alleged that he represented the complainant in a contested litigation involving the estate of the complainant's brother, he thereafter received $52,279 on behalf of the complainant, and that he retained over $16,000 in client funds despite the client's requests for the funds.* Respondent acknowledges that if charges were brought against him based upon these allegations, he could not successfully defend himself on the merits. He also asserts that his resignation is freely and voluntarily rendered and he has not been subjected to coercion or duress. Respondent further states that he is fully aware of the implications of submitting his resignation.

Accordingly, respondent's resignation should be accepted and his name stricken from the roll of attorneys.

SULLIVAN, J. P., NARDELLI, WILLIAMS, MAZZARELLI and ANDRIAS, JJ., concur.

Motion granted, respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.

---

* During the investigation, respondent provided the Committee staff with a copy of a signed release dated June 6, 1999 indicating that complainant had released him from all claims in consideration of the receipt of the sum of $16,314. In his affidavit, respondent points out in addition to returning the client funds, he has expressed great regret for his delay in remitting these funds.